FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA Y., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:20-CV-00037-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 11, 12. Attorney George Fields represents Rebecca Y. (Plaintiff); Special Assistant United States Attorney Joseph Langkamer represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on September 15, 2016, alleging disability since March 31, 2013[1], due to "debilitating headaches." Tr. 136. The application was denied initially and upon reconsideration. Tr. 160-62, 167-69. Administrative Law Judge (ALJ) R.J. Payne held three hearings on May 24, 2018, November 2, 2018, and November 28, 2018. Tr. 32-135. The ALJ issued an unfavorable decision on January 28, 2019. Tr. 15-24. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 359-60. The Appeals Council denied the request for review on November 22, 2019. Tr. 1-5. The ALJ's January 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 21, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1965 and was 50 years old as of her alleged onset date. Tr. 23. She has a Bachelor's degree in computer science and spent her career as a database administrator and design analyst. Tr. 795. She stopped working in 2014 due to headaches. Tr. 404. In 2016 she started her own consulting company, but was unable to work enough hours to earn more than a few thousand dollars in a year. Tr. 90-92, 100.

## STANDARD OF REVIEW

The ALJ is responsible for determining the reliability of the claimant's allegations, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the

---

[1] Plaintiff later amended her alleged onset date to April 1, 2016 to coincide with the end of her private long-term disability payments. Tr. 52, 80-81.

applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national

economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On January 28, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-24.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: cervical degenerative disc disease and cervicogenic headaches. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.*

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of sedentary work, with the following limitations:

> In an 8 hour workday with normal breaks there would be no limitation to sitting except the claimant would need a sit/stand option at will at the worksite; and the claimant can stand and walk 4-6 hours total in any combination. The claimant can occasionally stoop, crouch and crawl. The claimant cannot climb ladders or scaffolds. The claimant should avoid frequent or prolonged extreme (*i.e.*, no more than 70 degrees) rotation, flexion, and extension of the neck. The claimant can occasionally work above eye level. The claimant can have infrequent exposure to heavy industrial-type vibration. The claimant should not work at unprotected heights. The claimant is limited to occasional bilateral overhead reaching.

Tr. 18.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a database design analyst and database administrator. Tr. 22.

///

The ALJ alternatively found at step five that, considering Plaintiff's age, education, work experience and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of user support analyst, systems analyst, and computer security specialist. Tr. 23.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 24.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) failing to obtain a consultative exam from a neurologist; (2) failing to properly credit opinion evidence from physicians; (3) improperly assessing the RFC; and (4) improperly discounting Plaintiff's testimony.

## DISCUSSION

**1.    Plaintiff's subjective allegations**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 11 at 16-20.

It is the province of the ALJ to make determinations regarding the reliability of a claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for

rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's level of daily activity and reports of symptoms did not support the level of limitation alleged. Tr. 19-20. He further found the medical records indicated Plaintiff's headaches and neck pain were steadily getting better and noted that her current medications were mostly over-the-counter medications. Tr. 20.

Plaintiff argues none of the identified activities are inconsistent with her alleged limitations, and asserts the ALJ selectively read the record in finding improvement, arguing that her impairment waxes and wanes depending on her activity level. ECF No. 11 at 18-20. Defendant argues the ALJ reasonably found Plaintiff's allegations conflicted with medical records showing her headaches improved and asserts the identified activities show Plaintiff was functioning better than she alleged. ECF No. 12 at 5-10.

The Court finds the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's reports.

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the ALJ did not identify any activities that contradicted Plaintiff's testimony. Tr. 19. Plaintiff testified her headache frequency and severity depend on her activity level, and stated that while she was capable of handling her everyday household chores and self-care, she had to pace herself and take breaks. Tr. 85, 93-107. This testimony is consistent with her allegations throughout the duration of the claim. Tr. 435-39, 442, 698, 797, 840. She also

indicated she had good and bad days, which would dictate her level of functionality. Tr. 83, 840. The regular household chores and self-care identified by the ALJ are not activities inconsistent with Plaintiff's allegations.

The ALJ also noted Plaintiff reported driving an ATV and starting a part-time consulting business. Tr. 19. The single notation of Plaintiff driving an ATV resulted in her experiencing shooting nerve pain for five days afterward. Tr. 698. There is no indication that she continued to engage in this activity. Similarly, the consulting business she started in the summer of 2016 caused a flare-up of her symptoms that took several weeks to subside; Plaintiff attributed the worsening of her symptoms to the extra stress of starting her new business and doing a lot of reading and mental work, despite only working for a few hours. Tr. 91-92, 783, 791-92. As the ALJ noted, Plaintiff never earned at a substantial gainful level through this business, and made less than $4,000 for the entire year of 2017. Tr. 18. Therefore, the Court finds the ALJ erred in finding Plaintiff's daily activities to be inconsistent with her allegations.

An ALJ may consider the nature and effectiveness of treatments an individual receives in evaluating the reliability of her subjective complaints. Social Security Ruling 16-3p. The ALJ noted muscle relaxers had helped Plaintiff's headaches, but that she chose not to take them due to side effects, and relied instead on mostly over-the-counter treatments. Tr. 20. He further noted her condition was steadily getting better. *Id.*

It is unclear what significance the ALJ attributed to Plaintiff's decision to pursue homeopathic remedies and to not take prescription medications. The ALJ did not indicate whether he believed Plaintiff's decision was unreasonable or whether he expected to see some other treatments pursued. Therefore, this was not a clear basis for discounting her allegations. The finding of improvement in her condition is also insufficient. While Plaintiff reported improvement, this was in the context of stopping working and being able to pace herself and limit activities that

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

tended to trigger her headaches, as discussed above. Tr. 698, 839. The record reflects her headaches were daily and more severe early on; progressing to the point of only having a few headache days per month was improvement, but did not indicate a non-disabling level of functioning. Tr. 608, 695, 839-40. The record also reflects exacerbations of her headaches and neck pain with too much activity. Tr. 789, 800, 810-11. Therefore, the ALJ's finding of improvement does not constitute substantial evidence contrary to Plaintiff's reports.

To the extent the ALJ implied Plaintiff's allegations were unsupported by the objective evidence, this alone is an insufficient basis upon which to reject her statements. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of the ALJ's other reasons for questioning Plaintiff's allegations meet the clear and convincing standard, the lack of supportive objective evidence is not a sufficient rationale.

Upon remand, the ALJ shall re-evaluate Plaintiff's statements and testimony. The ALJ shall reassess what statements, if any, are not consistent with the medical evidence and other evidence in the record, and what specific evidence undermines those statements.

**2. Medical opinion evidence**

Plaintiff asserts the ALJ improperly rejected the opinion from treating doctor Jeffrey O'Connor and independent medical examiner Gregory Zoltani. ECF No. 11 at 8-13.

When an examining or treating physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

      **a.**    **Dr. O'Connor**

Plaintiff's treating doctor of multiple years, Dr. O'Connor, completed a medical source statement in support of her disability claim in 2018. Tr. 822-26. He described her condition and treatment history, and opined that when she has a headache, she cannot function in a work environment, noting there was very little she could do without eliciting a headache. *Id.* He stated she was incapable of even a low stress job. Tr. 826.

The ALJ gave this opinion little weight, finding it inconsistent with Plaintiff's reported activities of daily living and the medical records showing her condition was steadily getting better. Tr. 21.

The parties make similar arguments regarding this opinion as with respect to Plaintiff's subjective allegations. ECF No. 11 at 9-10; ECF No. 12 at 12-14. For the reasons discussed above, the Court finds the ALJ's rationale is insufficient. Specifically, none of the identified activities are inconsistent with Dr. O'Connor's opinion that Plaintiff has to be very careful about her activity level and has to pace herself when doing housework, and her improvement over time does not negate the limitations noted. Dr. O'Connor specifically noted Plaintiff was better than she was five years prior to the opinion being completed, yet she continued to experience 3-6 headaches per month. Tr. 823, 825.

On remand, the ALJ will reconsider Dr. O'Connor's opinion.

      **b.**    **Dr. Zoltani**

In 2015 in connection with her Long-Term Disability claim, Plaintiff underwent an independent medical exam with Dr. Zoltani. Tr. 846-59. Dr. Zoltani issued an initial opinion stating Plaintiff's condition would preclude the performance of frequent sitting or exerting up to 10 pounds of force occasionally,

along with other limitations on the positioning of her neck. Tr. 852-53. Upon being provided with additional evidence, Dr. Zoltani amended his opinion, and stated Plaintiff was capable of performing the exertional demands of her past sedentary job as long as she was able to work in an ergonomically appropriate environment. 856.

The ALJ gave Dr. Zoltani's amended opinion partial weight, noting the lack of corroborating evidence and that he was a one-time examining source. Tr. 21.

Plaintiff argues the ALJ failed to properly account for the ergonomic limits expressed by Dr. Zoltani, and pointed to the medical expert at the hearing endorsing the assessed limits as corroborating opinion evidence. ECF No. 11 at 11. She additionally raised issues with Dr. Zoltani's addendum in general, noting it was found to be of limited evidentiary value by this court in a lawsuit related to her private disability claim. *Id.* at 12; *see also* Tr. 525-28. Defendant argues the ALJ reasonably considered this opinion and legitimately gave more weight to the medical expert at the hearing and the contemporaneous consultative exam.

It is unclear which portions of Dr. Zoltani's opinion the ALJ found to be unsupported by the record, as the RFC restricted Plaintiff to sedentary work with limitations on the positioning of her neck. Tr. 18. As this claim is being remanded for additional proceedings, the ALJ will be required to reconsider the probative value of this opinion as well.

**3.    Consultative exam from a neurologist**

Plaintiff argues the ALJ erred in failing to obtain a consultative exam from a neurologist, asserting the medical expert at the hearing stated such an exam was necessary for a proper evaluation of the claim. ECF No. 11 at 6-7.

The Court notes the medical expert's testimony was equivocal as to the value of a single neurological consultative exam, and he indicated that he wanted to see Plaintiff receive *treatment* from a neurologist before concluding that her headache condition really was disabling, implying that not all treatment modalities

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 10

had been pursued. Tr. 38-42, 55. As the ALJ indicated on the record that a qualified neurologist was not available to perform a consultative exam at the time of the proceedings, the Court cannot find the ALJ erred. As this claim is being remanded on other bases, Plaintiff will have the opportunity to submit any additional evidence and may request that the ALJ order a neurological exam.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the medical evidence, formulate a new RFC, obtain supplemental testimony from a vocational expert, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

///

1  The District Court Executive is directed to file this Order and provide a copy
2  to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and
3  the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED December 15, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12